UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WAELL BATAYEH,

    Plaintiff,

v.

    Case No. 11-12143
    Honorable Patrick J. Duggan

MORTGAGE ELECTRONIC REGISTRATION
SYSTEM, ET AL.,

    Defendants.
_____/

## OPINION AND ORDER GRANTING MOTION TO STAY

Plaintiff filed this lawsuit on June 13, 2011, challenging the sale of his property at a sheriff's sale pursuant to Michigan's foreclosure by advertisement statute. The foreclosure was brought by Mortgage Electronic Registration System ("MERS"), which allegedly was neither "the owner of the indebtedness or of an interest in the indebtedness secured by the mortgage or the servicing agent of the mortgage." *See* Mich. Comp. Laws § 600.3204(1)(d) (identifying who may foreclose by advertisement). Relying on the Michigan Court of Appeals' decision in *Residential Funding Company v. Saurman*, – Mich. App. – , 2011 WL 1516819 (Apr. 21, 2011), Plaintiff charges that the foreclosure therefore was unlawful. Presently before the Court is a motion to stay the proceedings pending the Michigan Supreme Court's review of the appellate court's decision in *Saurman*, filed by Defendants OneWest Bank, FSB, Specialized Loan Servicing, LLC, Residential Funding Company, LLC, MERS, Flagstar Bank, FSB, and Mortgage Banker Association.

The Supreme Court has held that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254-55, 57 S. Ct. 163, 166 (1936). The exercise of such authority is within the court's discretion. *Ohio Envtl. Council v. United States Dist. Ct., S.D. Ohio*, 565 F.2d 393, 396 (6th Cir. 1977). The party requesting a stay has the burden to "make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else. Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Landis*, 299 U.S. at 255, 57 S. Ct. at 166. In other words, the party seeking the stay must demonstrate "that there is pressing need for delay, and that neither the other party nor the public will suffer harm from entry of the order." *Ohio Envtl. Council*, 565 F.2d at 396.

Based on the above considerations, this Court finds a stay of the proceedings in this matter pending the Supreme Court's decision in *Saurman* to be appropriate. This Court finds it unwise to render a decision– particularly one concerning proper ownership of a residence– based on a holding that may be obsolete by the time this case is closed or proceeds to an appeal. Although not the case when Defendants filed the pending motion, the Michigan Supreme Court has since agreed to accept review of the appellate court's decision. *Saurman*, – N.W. – , 2011 WL 4495070 (Sept. 28, 2011). The Court also has scheduled oral argument to take place during its November 2011 calendar. Thus any stay

presumably will not be lengthy.

Accordingly,

**IT IS ORDERED**, that Defendants' motion to stay is **GRANTED** pending the Michigan Supreme Court's entry of a final decision in *Residential Funding Co. v. Saurman*, Case Nos. 143178 and 143179.

Dated: October 12, 2011

                                              s/PATRICK J. DUGGAN
                                              UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of Record